JON SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

JEANETTE E. ALVARADO, #016111
Asst. Federal Public Defender
Attorney for Defendant
jeanette_alvarado@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Todd Eric Nordahl,<br><br>    Defendant. | No. CR- 14-50098-PHX-GMS<br><br>**MOTION FOR<br>EARLY TERMINATION<br>OF PROBATION**<br><br>**(Unopposed)** |

Defendant, Mr. Nordahl, by and through undersigned counsel, respectfully requests that the Court early terminate his five (5) year probationary term because both his conduct and the interests of justice warrant an early termination.

## I. Introduction

Mr. Nordahl began his five (5) year probationary term on January 7, 2014[1]. To date, he has completed 37 months of his 60 month probationary term. Mr. Nordahl has complied with his probationary requirements to include, substance abuse treatment and testing, sex offender treatment and testing, and he has abided by the restrictions on him having contact with, residing with, being around and/or

---

[1] At the time of his sentencing, Mr. Nordahl had been on release for 13 months as the Court had placed him on pre-trial release supervision since April 4, 2013.

1

working in a profession where children under the age of 18 are present. Mr. Nordahl's conduct while on supervised release has been more than satisfactory and this request is supported by both the U.S. Probation Office and the U.S. Attorney's Office. Neither party objects to an early termination of probation.

## II. The Law

A court may:

"after considering the factors set forth in section 3553(a) . . . terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation . . . if it is satisfied that such action is warranted by the conduct of the defendant and the interests of justice."

*See* 18 U.S.C. § 3564(c).

The factors to be considered in 18 U.S.C. § 3553(a) are:

(1) the nature and circumstances of the offense and the defendant's history and characteristics,

(2) the need for the sentence imposed to (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established. . .;

(5) any pertinent policy statements;

(6) need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. § 3553(a).

2

### A. Standard for Early Probation Termination Dictated by Standards listed in Supervised Release Statute and U.S. Sentencing Guidelines.

Absent Ninth Circuit guidance on the application of the probation statute to early termination of probation, courts have applied the standard for early termination as listed in the supervised release statute at 18 U.S.C. § 3583(e). See United States v. Hilton, 2014 WL 3728176, at *2 (N.D. Cal. July 28, 2014).

There, the statute allows courts to modify the terms and conditions of supervised release "'in order to account for new or unforeseen circumstances.'" United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

New or unforeseen circumstances that warrant modification include, for instance, a defendant's "'exceptionally good behavior'" or his inability to pay a fine. Id. (quoting Lussier, 104 F.3d at 36). In such situations, a "previously imposed term or condition of release [is rendered] either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." Id. See also United States v. Hawatmeh, 2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014).

Also, the U.S Sentencing Guidelines "encourage ... [courts] to exercise this authority in appropriate cases," particularly noting that a court may impose a longer term of supervised release on a defendant with a drug, alcohol or other addiction, but may then terminate the supervised release term early when a defendant "successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." U.S.S.G. 5D1.2, cmt. n. 5.

III. **The Facts**

On January 7, 2014, Mr. Nordahl was convicted out of the Southern District of Texas on a charge of Sexual Abuse of a Minor, 18 U.S.C. 2243(a) (child older than 12, but younger than 16) and received a five (5) year probationary term. (Dkt. 1, Attachment #2).

On May 9, 2014, jurisdiction over Mr. Nordahl's probationary term was transferred to this district given that Mr. Nordahl lived here. (Dkt. 1). To date, Mr. Nordahl has completed three years and one month of his probationary term. Therefore, Mr. Nordahl has completed more than half of his probationary term successfully.

Along with the general conditions of supervised release, given Mr. Nordahl's offense, he had been ordered to complete substance abuse treatment and testing, as well as sex offender treatment and testing.

In June of 2014, Mr. Nordahl successfully completed the Moral Reconation Therapy Substance Abuse module he had been ordered to complete.

By December of 2015, Mr. Nordahl had completed both the primary and relapse phases of his sex offender treatment program, participated in all group sex offender sessions and individual sex offender treatment meetings, and he passed all of his sex offender polygraphs. U.S. Probation Officer Scott Talbott stated that Mr. Nordahl completed the primary and relapse prevention phases "faster than any other defendant" he has supervised.

By December of 2016, Mr. Nordahl completed one year in the maintenance phase of sex offender treatment.

In order to be fully informed, U.S. Probation Officer Talbott conferred with staff at Mr. Nordahl's sex offender therapeutic program to assess the appropriateness of the request and the staff did not voice any objection.

Assistant U.S. Attorney Vincent Kirby has been provided information on the offense, information on Mr. Nordahl's participation and completion of his sex offender therapeutic program, and has conferred U.S. Probation Officer Talbott. Mr. Kirby has no opposition to the early termination request.

### IV. Argument

In this case, Mr. Nordahl's adherence to his probation conditions and his completion of the primary and relapse portions of his sex offender program demonstrate his "exceptionally good behavior" which warrant a change in the length of his probationary term. As stated earlier, U.S. Probation Officer Talbott stated that Mr. Nordahl completed both of these phases" faster than anyone else on my caseload." Therefore, Mr. Nordhal's conduct and his expeditious and thorough completion of both the primary and relapse portions of his sex offender program have convinced the U.S. Probation Office that Mr. Nordahl is not in further need of supervision by the office.

Thus, given the nature of Mr. Nordahl's crime, his particular history and personal characteristics, and taking into account his behavior while on probation, there is every indication that he is a prime candidate for early termination. There is no indication that he is at risk for committing another offense and as such an early termination of probation will not endanger the public.

Deterrence also does not favor keeping Mr. Nordahl on probation. He has been successfully employed and therefore does not need to receive educational or vocational training. He has a stable residence and a strong support system in

place. He has paid back the entire amount of his restitution and therefore, continuing Mr. Nordahl on probation serves no criminal justice goals.

## V. <u>Conclusion</u>

Therefore, Mr. Nordahl's exceptionally good behavior, there being no objection from his therapeutic program, the probation office, or the U.S. Attorney's Office, and as there is no other basis for continued supervision, this Motion for Early Termination of Supervised Release is respectfully submitted.

Respectfully submitted:  February 7, 2017.

        JON M. SANDS
        Federal Public Defender

         <u>s/Jeanette E. Alvarado</u>
        JEANETTE E. ALVARADO
        Asst. Federal Public Defender

Copy of the foregoing transmitted by ECF for filing February 7, 2017, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington, Phoenix, Arizona 85003

Vincent Kirby, Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy emailed to:

Scott Talbott
U.S. Probation Office

Copy emailed to:

Todd Nordahl
Defendant

*s/sm*